IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSIE JOHNSON, | § | |
| v. | § | CIVIL ACTION NO. 9:11cv8 |
| RICK THALER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
DENYING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF

The Plaintiff Jessie Johnson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson has filed two motions for injunctive relief, of which the first has been denied. In his second such motion, Johnson says that he is seeking a transfer back to the Eastham Unit. He states that he is under a "mental illness disability" and cannot plead his case without the assistance of an inmate named Daniel Johnson, whom he says has adopted him as his son. Johnson says that he has executed a power of attorney to allow his adopted father to assist him; however, he contends that he was transferred away from the Eastham Unit when prison officials learned that he, a black man, had been legally adopted by a white inmate. After the transfer, Johnson says that he incurred a wrongful disciplinary case which resulted in his reclassification from minimum to medium custody. The transfer also resulted in an exacerbation of the symptoms of his mental illness, which he was

1

able to manage at the Eastham Unit due to the "daily therapy provided to the Plaintiff by his father." Johnson further complains that he had a single-cell restriction, but the prison officials at the Polunsky Unit refuse to honor it, and so he had to live in two-man cells and be subjected to "airborne viruses and bacteria." He also complains of an open wound infection in his leg. For relief, Johnson sought a "protective order" to protect himself and his adopted father, as well as unnamed witnesses, from harassment and retaliation, and for an examination by an independent, court-appointed doctor. He acknowledges that he is no longer at Polunsky, but is now at the Jester IV unit in a mental health therapy program, and asks that the Court send copies of orders in the case to his adopted father as well as him.

After review of Johnson's motion, the Magistrate Judge issued a Report recommending that the motion for injunctive relief be denied. The Magistrate Judge stated that Johnson had not shown a substantial likelihood that he would prevail on the merits of his case, nor that he faced a substantial threat of irreparable injury if the requested injunctive relief was not granted. The Magistrate Judge noted that inmates have no right to be confined at any particular penal institution within the state, and said that Johnson also failed to show that the granting of the requested injunctive relief would not be contrary to the public interest, in that considerations of federalism weighed against interference by federal courts through the issuance of preliminary injunctions to state agencies.

In his objections to the Magistrate Judge's Report, Johnson says that he is still undergoing "harassment and retaliation," and that this shows "immediate and on-going irreparable harm." He points to an "advisory" filed on his behalf by Daniel Johnson, but Daniel Johnson is not a party to

this lawsuit and has no legal standing to file pleadings in the case;[1] furthermore, this "advisory"discusses matters which occurred at the Jester III Unit, at a time when Daniel Johnson was at the Eastham Unit, and thus is necessarily based upon hearsay and not personal knowledge.

Johnson also complains that the Magistrate Judge recommended denying his request for injunctive relief without a hearing. The Fifth Circuit has noted that preliminary injunctions may be denied without a hearing, despite a request for hearing by the movant, when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be pointless. *Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 341 (5th Cir. 1984); C. Wright & A. Miller, *Federal Practice and Procedure*, § 2949 (2010 ed.). The Court has conducted a *de novo* review of Johnson's objections to the Magistrate Judge's Report and has concluded that these are without merit.

Johnson also seeks a "de novo review" of the Magistrate Judge's orders denying leave to file a supplemental complaint and scheduling an evidentiary hearing. Federal Rule of Civil Procedure 72(a) states that a party may serve and file objections to a non-dispositive order of the Magistrate Judge, and that the District Judge to whom the case is assigned shall consider these objections and modify any portion of the Magistrate Judge's order found to be "clearly erroneous or contrary to law."

---

[1] "[I]n federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998); *see also Mosley v. Bowie Cnty. Tex.*, 275 F. App'x 327, 328 (5th Cir. 2008) (where Plaintiffs contended that Walter Mosley, Jr. had been given power of attorney and should be allowed to represent them, court stated that "Walter A. Mosley, Jr. is not an attorney and thus may not represent another party in federal court."). Even assuming Daniel Johnson had Jessie Johnson's power of attorney, there is no indication that Daniel is a lawyer and, as such, he cannot represent or otherwise file papers on behalf of Jessie.

The Court has conducted a careful *de novo* review of the pleadings in this cause and has concluded that the Magistrate Judge's orders were not "clearly erroneous or contrary to law." It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 28) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's second motion for a preliminary injunction (docket no. 27) is hereby DENIED. It is further

ORDERED that the Plaintiff's motions for reconsideration of the order denying leave to file a supplemental complaint (docket no. 34) and to vacate the order setting an evidentiary hearing (docket no. 36) are DENIED. Finally, it is

ORDERED that the Plaintiff's motion for extension of time to file objections (docket no. 31) is DENIED as moot, as the Court has reviewed Johnson's objections and thereby deemed them timely.

So **ORDERED** and **SIGNED** this **8** day of **March, 2011.**

_____
Ron Clark, United States District Judge