IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSIE L. JOHNSON | § | |
| v. | § | CIVIL ACTION NO. 9:11cv8 |
| RICK THALER, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PLAINTIFF'S SECOND MOTION FOR RELIEF FROM JUDGMENT

The Plaintiff Jessie Johnson, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Johnson says that in July of 2009, he was in the process of being legally adopted by another inmate, Daniel Johnson. Jessie Johnson is black and Daniel Johnson is white. Johnson complains that he was subsequently transferred off of the Eastham Unit, away from his adoptive father, wrongfully and as an act of retaliation.

The lawsuit was dismissed, after an evidentiary hearing, on July 15, 2011. The Defendants were not served and no answer was filed. Johnson did not appeal, but filed a motion for relief from judgment on August 24, 2011. This motion was denied on October 14, 2011.

On May 9, 2012, Johnson filed a second motion for relief from judgment under Rule 60(b), Fed. R. Civ. P. In this motion, Johnson argues that he has "newly discovered evidence" which was concealed from him through fraud. Specifically, he complains that the Court determined that his transfer away from the Eastham Unit was based, in large part, on a report from Sgt. Haynes which determined that Johnson had been the subject of threats emanating from the Muslim community.

Johnson asserted that Haynes' report was false and was nothing more than a "pretext" to get him transferred.

In his motion, Johnson states that he has now obtained copies of Haynes' report and the four anonymous letters which served as the basis for this report. He complains that these letters were never disclosed to him, and asserts that the four letters were all written by the same person, whom he identifies as an inmate named Johnny Jones. He states that Jones has no connection with the Muslim community, but wrote the letters, falsely claiming that he was connected with the Muslim community, out of "spite and personal animosity" towards Johnson. As a result, he says that Haynes' investigative report "contains distortions and untruths." He states that the Texas prison officials have a long history of engaging in fraudulent conduct and asks that copies of the letters be produced and that the final judgment be vacated. Johnson also argues in his motion that he has "federal constitutional amendment rights" to maintain, sustain, and further his legitimate family interests, even in a prison setting.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the second motion to vacate be denied. The Magistrate Judge determined that Haynes' report indicated that she learned from various sources, including Johnson himself, that Johnson faced potential danger, and Haynes recommended a transfer based on "possible future assaults." The State Classification Committee accepted this recommendation and ordered that Johnson be transferred. Johnson failed to show that this transfer was retaliatory rather than being based upon the information which was received regarding potential threats. This claim is without merit.

The Magistrate Judge also concluded that while Johnson had an undisputed right to establish a familial relationship with his adoptive father, he has no constitutional right to be housed at the same prison unit as his adoptive father. The Magistrate Judge therefore recommended that Johnson's second motion for relief from judgment be denied.

In his objections, Johnson argues that the failure to disclose documents to him constituted fraud, the Magistrate Judge suppressed evidence, he wants a different Magistrate Judge and District

2

Judge to rule on his second motion to vacate, and "judicial bias" exists against him based upon "personal animosity against prisoners who attempt to litigate their claims in the Eastern District of Texas and Lufkin Division," He complains that only one of his four theories for relief under Rule 60(b) - newly discovered evidence, surprise, fraud, and "interest of justice" with regard to suppression of evidence by the court - were addressed, he raised other issues beyond the retaliatory transfer in his first amended complaint, the crediting of Haynes' report shows bias, he did not argue that he has a "protected liberty interest" in being housed at a particular institution although he complains of being at a different unit than his adoptive father, and it is "frightening" to contemplate the "enormity of the false, misleading, and concocted information that surely must be contained in files of TDCJ inmates."

The Magistrate Judge did not "suppress" evidence and no discovery was effected because no answer was filed. Johnson does not have the right to select the judicial officers assigned to his case and he has failed to show any valid basis for recusal. Johnson's assertion that Haynes' report was pretextual is a legal conclusion, not a factual pleading. Although Johnson challenged the accuracy of Haynes' report, the decision to transfer him was made by the State Classification Committee, not by Haynes. The evidence before the State Classification Committee indicated that Johnson could be in danger, a conclusion highlighted by the fact that Johnson had actually been assaulted by an inmate named Clarence Moore. While Johnson challenges the veracity of Haynes' report by saying that "it is now clear" that the letters were written by Johnny Jones, he offers only the opinion of Daniel Johnson that this was in fact the case. Moreover, Johnson has failed to show that Haynes could have known of this alleged source for the letters at the time that she completed her report. The Magistrate Judge correctly concluded that Johnson has no constitutional right to be housed at the same prison unit as his adoptive father. Johnson has shown no basis for relief under any of the subsections of Rule 60(b). His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's second motion for relief from judgment, the Report of the Magistrate Judge, and the

Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 64) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's second motion for relief from judgment (docket no. 63) be and hereby is DENIED.

So **ORDERED** and **SIGNED** this **9** day of **July, 2012.**

_____
Ron Clark, United States District Judge